Carlos CASTILLO, et al., Plaintiffs,

v.

P & R ENTERPRISES, INC., Defendant.

Civil Action No. 07–1195 (CKK).

United States District Court, District of Columbia.

Oct. 22, 2007.

Mark Hanna, Joni S. Jacobs, Davis, Cowell & Bowe, LLP, Washington, DC, for Plaintiffs.

Karla Grossenbacher, Seyfarth Shaw, Washington, DC, for Defendant.

## MEMORANDUM OPINION

COLLEEN KOLLAR–KOTELLY, District Judge.

On October 19, 2007, the Court issued an order conditionally certifying a collective action class comprised of "all persons who are or have been employed by P & R Enterprises, Inc., in Washington D.C. since 2004, who are or were classified as a Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Trashman, Project/Utility, Zone Cleaner, Restroom Cleaner, Lobby or Principal Lobby, and who were not paid time and one-half for all hours worked over 40 hours per week." Before the Court is Plaintiffs' [24] Motion for Reconsideration of the Court's October 19, 2007 Order, seeking to expand the conditional class to include persons employed in Virginia and Maryland. The Court shall DENY Plaintiff's Motion for the following reasons.

Plaintiffs' Complaint provides no indication that Plaintiffs are similarly situated to employees in any location other than Washington, D.C. Plaintiffs argue that the Complaint "clearly pled [the FLSA] class to include *all* employees." Pls.' Mot. at 3. This argument lacks merit. The Complaint pled the Fair Labor Standards Act ("FLSA") class to include "all similarly situated employees ..." Compl. ¶¶ 1, 22. The two named plaintiffs are Washington, D.C. employees. *Id.* ¶ 11, 13. The causes of action pled along with the FLSA claim are based on Washington D.C. statutes. *Id.* ¶ 1. The Complaint does not refer to Virginia or Maryland. In short, the Complaint provides no indication that Plaintiffs sought to include employees from any location other than Washington, D.C., and the Court will not read that into the Complaint.

Plaintiffs' Motion identifies several instances in their Reply brief and other papers that reference Virginia and Maryland employees, including the allegation that "Defendant's payroll and overtime practices apply equally to employees in Virginia and Maryland." Pls.' Mot. at 3. This allegation is not pled in the Complaint, nor are any of the other references to Virginia and Maryland that are raised by Plaintiffs in the instant Motion.

If Plaintiffs intended to include putative class members from areas other than Washington, D.C. in the conditional class, that intention is not manifested by a reading of their Complaint. Nor can the Court provide a remedy to effectuate Plaintiffs' intent on a Motion for Reconsideration. The proper course for Plaintiffs, if they want to include putative class members outside of Washington, D.C., is to file a motion for leave to amend their Complaint.

An appropriate Order accompanies this Memorandum Opinion.